**STATE of Missouri, Respondent,**

v.

**Will Arthur PORTWOOD, Appellant.**

No. 49032.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 11, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

Application to Transfer Denied
Sept. 10, 1985.

Kathryn Shubik, St. Louis, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Will Arthur Portwood, was convicted, after a jury trial, of burglary in the second degree. He was sentenced to six years' imprisonment. On appeal he contends the court erred in refusing to instruct the jury on trespass in the first degree as a lesser included offense of second degree burglary. We affirm.

Officer Robert Loehr of the St. Louis City Police Department was patrolling around four a.m. on September 4, 1983, when he noticed a man standing outside a liquor store next to the broken glass door of the store. Officer Loehr moved closer to investigate and saw another man inside the building. The two men noticed the officer and started to leave the premises when Officer Loehr ordered them to stop and handcuffed them.

Officer Loehr searched defendant and found more than eighteen dollars in change on his person, including six dollars worth of bicentennial quarters. The cash register was found to be empty. At trial the owner of the store testified he had removed all the bills from the cash register when he left the store, and that the register con-

tained only change. The owner testified he had four or five dollars worth of bicentennial quarters stacked on a ledge over the drawer of the register and between twelve and fifteen dollars worth of change inside the register before the break-in. The entire amount of change, including the bicentennial quarters, was missing when police and the owner inspected the premises after the break-in.

Officer Loehr identified defendant at trial as the man he had seen inside the store and carrying the change.

The State also showed that a television set, normally kept in a small room in the store, was found near the front door. A large rock, apparently used to break the glass, was found inside the store. A case of gin, identified by the owner as having been in the store, was found outside in a nearby dumpster.

The defendant did not present any evidence.

■ The State concedes that first degree trespass is a lesser included offense of burglary in the second degree. *State v. Neighbors*, 613 S.W.2d 143, 147 (Mo.App. 1980). The trial court is required to charge the jury with respect to a lesser included offense only if "there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." § 556.046.2, RSMo (1978).

"Where the evidence of appellant's guilt is strong and substantial ... and clearly shows the commission of a more serious crime, it is unnecessary to instruct on the lesser included offense.... In a non-homicide case the evidence must arguably show a lack of an essential element of the greater offense before the trial court must instruct on the lesser included offense." *State v. Boyd*, 629 S.W.2d 434, 437 (Mo. App.1981); *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982).

■ The essential element of burglary which we focus upon is the intent to commit a crime. § 569.170, RSMo (1978). When the State has shown an intent to commit a crime and there is no ambiguity in a defendant's purpose for being in a building, there is no basis for an instruction on first degree trespass. *State v. Couvion*, 655 S.W.2d 80, 83 (Mo.App.1983); *State v. Milligan*, 645 S.W.2d 379, 381 (Mo. App.1983); *State v. Walters*, 636 S.W.2d 122, 125 (Mo.App.1982); *State v. Davis*, 625 S.W.2d 903, 905 (Mo.App.1981).

■ In the present case, in addition to the broken glass, the presence of defendant in the building and the movement of articles in the store, we have the added evidence of the change, specifically the bicentennial quarters, being found on defendant's person. Also, a case of gin had been taken out of the building.

There is no evidence here from which the jury could have found defendant had entered the liquor store with no intent to commit a crime. *Couvion*, 655 S.W.2d at 83. Defendant's assertion that because the State proved defendant's intent to steal by circumstantial evidence our analysis should be different from that in the cited cases is without merit. *Neighbors*, 613 S.W.2d at 148. Defendant was not entitled to have the jury instructed on first degree trespass.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.