STATE of Missouri,
Plaintiff-Respondent,

v.

Michael Lee WESTFALL,
Defendant-Appellant.

No. 50134.

Missouri Court of Appeals,
Eastern District,
Division One.

April 15, 1986.

Motion for Rehearing and/or Transfer
Denied May 13, 1986.

Application to Transfer Denied
June 17, 1986.

Robert Wolfrum, Asst. Public Defender,
St. Charles, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CARL R. GAERTNER, Presiding Judge.

A jury convicted defendant of stealing property valued at one hundred fifty dollars or more. § 570.030, RSMo.Cum.Supp. 1984. Defendant appeals asserting the trial court's refusal to instruct the jury on the lesser included offense of stealing property valued at less than one hundred fifty dollars was error. We reverse and remand.

▬ If on the evidence presented at trial the jury can acquit the defendant of the charged offense and convict him of a lesser included offense, the trial court must instruct the jury on the lesser included offense. State v. Hendricks, 675 S.W.2d 142, 146 (Mo.App.1984). Defendant in this case was charged with stealing a central air conditioning unit of the value of at least one hundred fifty dollars. To establish the unit was worth at least one hundred fifty dollars when it was stolen, the prosecution at trial offered the testimony of Herman Thomas Young, the unit's owner. Young testified he bought the unit for $250.00 in November, 1979, from the Land Clearance and Redevelopment Authority in St. Charles. He stated the unit had a rectangular rust spot on top at the time, but that it otherwise appeared to be undamaged. He admitted, however, that he had never seen the unit run and that it had lain unused in his backyard from the date of purchase in 1979 until May 15, 1984 when it was stolen. Appellant gave a statement to the police admitting that he had picked up the unit "thinking it was scrap." He sold it as junk to a scrap metal dealer.

If the unit's value on the date Young purchased it was in fact $250.00, the jury could fairly have inferred its value five years later was considerably less. Evidence of the unit's age, and lack of evidence that the unit had ever functioned, tend to support defendant's theory that the

unit was junk. A defendant is entitled to an instruction on any theory the evidence tends to establish. *State v. Shivers*, 458 S.W.2d 312, 316 (Mo.1970). If the jury in this case had been instructed on stealing property valued at less than one hundred fifty dollars, it might well have convicted defendant of that offense and acquitted him of the offense charged. Defendant was therefore entitled to an instruction on the lesser included offense. *State v. Robinson*, 672 S.W.2d 743, 745 (Mo.App.1984).

As his second point on appeal appellant contends the trial court erred in denying his motion for judgment of acquittal. From the facts set forth above it is obvious this point has no merit.

The judgment is reversed. The matter is remanded for a new trial.

SMITH and SNYDER, JJ., concur.