**STATE of Missouri, Respondent,**

v.

**James EDDES, a/k/a Arvin L. Walker, Appellant.**

**No. 51287.**

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer Denied Dec. 16, 1986.

Application to Transfer Denied Jan. 13, 1987.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a conviction of stealing two cordless telephones of a value over $150. Defendant was sentenced to fifteen years' imprisonment as a persistent offender. We affirm.

Defendant asserts he was entitled to an instruction on the lesser included offense of stealing under $150 because there was doubt concerning the value of the stolen property. At trial, the objections concerning the value went to the price of the telephones and not to the quantity of the telephones that were taken. On appeal, the objection is the testimony of the eyewitness was ambiguous and not conclusive as to whether defendant appropriated one or two telephones valued at $139.99 each.

Although referred to a few times in the singular, the eyewitness did testify about telephones in the plural most of the time. Her testimony makes clear she was referring to more than one telephone. When questioning the eyewitness, defense counsel referred to the stolen property in the plural. It was not suggested in any of the questioning that only one telephone was taken. Two telephones were found near the spot where the defendant was arrested. Defendant did not testify.

While it is true a trial court must instruct a jury on a lesser included offense

if the evidence presented at trial would support an acquittal on the charged offense and a conviction on the lesser offense, *State v. Westfall*, 710 S.W.2d 408 (Mo.App. 1986), there is no error in this case since the only evidence adduced at trial was that there were two telephones stolen with a value over $150. *State v. Black*, 677 S.W.2d 907, 909 [4] (Mo.App.1984).

The court does note error in the defendant's judgment. On January 27, 1986, defendant was found to be a persistent offender. § 558.016.3, RSMo (Cum.Supp. 1984). Defendant's judgment and sentence show defendant to be a prior offender. § 558.016.2, RSMo (Cum.Supp.1984).

The cause is remanded to the trial court with directions to correct the judgment and sentence to show defendant was a persistent offender rather than a prior offender. The judgment and sentence as corrected is affirmed.

DOWD, P.J., and REINHARD, J., concur.