**STATE of Missouri, Respondent,**

v.

**Marvin BROOKS, Appellant.**

**No. 52289.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 12, 1988.

Timothy J. Walk, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Christopher M. Kehr, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of stealing, § 570.030, RSMo 1986, and assault third degree, § 565.070, RSMo 1986. He was sentenced to ten days in the county jail and fined $100 on the assault count. On the stealing count he was sentenced, as a prior offender, to a prison term of four years. He alleges the trial court erred in not instructing the jury as to the lessor included offense of stealing under $150. We affirm.

Although defendant's assertion of error "relates to the giving, refusal or modification of an instruction ..." he did not set forth the instruction in the argument portion of his brief as required by Rule 30.-06(e). *State v. Williams,* 674 S.W.2d 46, 48[5] (Mo.App.1984).

Even if defendant had complied with Rule 30.06(e), his point would have failed on the merits. An instruction on a lesser included offense is only appropriate if evidence was presented to support an acquittal on the greater offense and a conviction on the lesser offense. § 556.046.2, RSMo 1986; *State v. Methfessel,* 718 S.W.2d 534, 536[1] (Mo.App.1986). Defendant was charged with stealing a television from a Venture Store. The only evidence presented as to the value of the television was that it cost the store $215 and retailed for $279. On the evidence presented, once the jury found defendant stole the television they could not find it had a value of less than $150. *State v. Eddes,* 721 S.W.2d 196, 197[2] (Mo.App.1986).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.