STATE of Missouri, Respondent,

v.

James Scott MURPHY, Appellant.

No. 53546.

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1988.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
July 6, 1988.

James Scott Murphy, pro se.

J. Andrew Walker, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant, James Scott Murphy, appeals from a jury conviction for eight counts of first degree robbery, in violation of RSMo § 569.020 (1986), and eight counts of armed criminal action, in violation of RSMo § 571.015 (1986). He was sentenced to eight concurrent terms of life imprisonment on the first degree robbery counts and eight concurrent terms of ten years imprisonment on the armed criminal action counts, with the terms for armed criminal action to be served consecutively to the terms for first degree robbery. On appeal, defendant argues that the evidence was insufficient to support a guilty verdict. Finding defendant's contention to be without merit, we affirm.

The evidence reveals that on March 17, 1986, at approximately 5:00 a.m., the night manager of a supermarket in St. Louis County went to unlock the store's doors in order to let in a fellow employee. As the night manager did so, defendant approached the two men with a gun and told them to proceed into the room containing the store's safe. Once inside, defendant ordered the night manager to open the safe, which command the manager was incapable of executing. Defendant then shot his pistol at a wall enclosing the room. Defendant next instructed the night manager to gather all of the store's employees into the room, which the manager did, in order to await the arrival of the store's day manager who could open the safe. When the day manager arrived at 6:00 a.m., there were twelve people in the room which measured eight feet by eight feet. The day manager was able to open a portion of the safe. When the day manager informed defendant that the remaining portion of the

safe could not be opened by store personnel, defendant shot his gun again, the bullet first hitting a circuit breaker box on a wall and then falling to the floor. Defendant took money from the safe, and money, wallets and credit cards from eight of the individuals within the room. Defendant was masked and wore gloves.

On May 20, 1986, police officers arrested defendant in Macon, Georgia. At this time, the Georgia police officers knew nothing of the robbery at the supermarket in St. Louis. The police officers knocked on the door to the motel room where defendant was staying. Defendant opened the door and the police officers saw no one else in the room. Defendant said his name was Paul Wilson; the motel room was registered under the name Paul Wilson and the driver's license defendant carried was in the name of Paul Wilson. Defendant then attempted to flee the police officers; he was apprehended after a thirty-five minute chase.

The police officers obtained a search warrant, pursuant to which they found in defendant's motel room a handgun, bullets and gloves. After being given his *Miranda* rights, defendant acknowledged that his name was James Scott Murphy. Defendant also stated that officials from St. Louis were looking for him and that he had escaped from confinement. After contacting authorities in St. Louis, a Georgia police officer informed defendant that the St. Louis police officials believed defendant had participated in robberies in their city. In response, defendant admitted he "had been involved in a robbery in St. Louis, that he had shot into a circuit breaker box and had taken the manager and thirteen or fourteen other people into a small room." He further stated, "[T]he shell did not penetrate the [circuit breaker] box and it fell to the floor." When the police officers told defendant that they planned to test fire the gun found in his motel room and send the bullet to St. Louis to ascertain whether it matched a bullet recovered in St. Louis, defendant said, "I hope the bullet gets lost in the mail because it was fired from the gun and it will match up." Subsequent tests proved that the striations on the bullet recovered from the supermarket in St. Louis matched striations from test shots fired from the gun found in defendant's motel room.

■ Defendant asserts there was insufficient evidence to support a guilty verdict. He contends that there was no direct evidence supportive of the verdict and that the only relationship between his comments to the police officers in Georgia and the crime charged was "a gross similarity in facts." Initially, we note that it is not this court's role to weigh the evidence; rather, it is the jury's function to determine beyond a reasonable doubt that a defendant is guilty of the offenses charged. *State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983). Appellate consideration is limited to whether there was sufficient evidence from which reasonable men could have found a defendant guilty as charged. *State v. Brooks*, 618 S.W.2d 22, 23 (Mo. banc 1981). This court must accept as true all evidence, whether direct or circumstantial, which tends to prove a defendant guilty together with all reasonable inferences supportive of the verdict. *Id.* Thus, the sole question on appeal is whether the evidence, when viewed in the light most favorable to the State, is sufficient to support the verdict. *State v. Brown*, 660 S.W.2d at 699.

One commits the crime of first degree robbery when he forcibly steals property and in the course thereof he is armed with a deadly weapon. RSMo § 569.020.1 (1986). The crime of armed criminal action occurs when one commits any felony under the laws of this state "by, with, or through the use, assistance or aid of a dangerous instrument or deadly weapon." RSMo 571.015.1 (1986).

■ In the present case, the State offered direct evidence of defendant's guilt when it introduced testimony as to statements defendant made to the police officers in Georgia. *State v. Jackson*, 608 S.W.2d 420, 422 (Mo. 1980) (holding statements by a defendant made to a third party, in which defendant admitted "he had killed a man," constituted direct evidence). We note the police officers testified that

they knew none of the details or facts peculiar to the crime in St. Louis when they questioned defendant. It was solely within the jury's province to determine the credibility of these witnesses. *State v. Williams*, 662 S.W.2d 277, 279 (Mo.App., E.D.1984). In addition to defendant's highly specific description of the crimes in St. Louis, much circumstantial evidence of his guilt was presented. The bullet recovered at the supermarket in St. Louis was fired from the gun which was found in defendant's motel room in Georgia, which room was occupied solely by defendant. The motel room was registered under the name Paul Wilson, the same name defendant initially gave the police officers. And, defendant engaged the police in a thirty-five minute chase when confronted by them. Thus, the evidence fully supports the guilty verdict.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.