**STATE of Missouri, Respondent,**

v.

**Keith D. GREEN, Appellant.**

**No. WD 43506.**

Missouri Court of Appeals,
Western District.

June 4, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 30, 1991.

Application to Transfer Denied
Sept. 10, 1991.

T. Jefferson Stephens, Grant City, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and SHANGLER, GAITAN and FENNER, JJ.

GAITAN, Judge.

Appellant was convicted by a jury of violating Mo.Rev.Stat. § 569.170 (1986), burglary in the second degree (Count I), Mo.Rev.Stat. § 570.030 (1986), stealing over one hundred and fifty dollars (Count II), and Mo.Rev.Stat. § 569.120 (1986), property damage in the second degree (Count III).

Ten points relied on are presented by appellant's brief. While each of these points contains unique arguments, they fall into four general categories: (I) alleged prejudice to appellant arising from the amended information; (II) objections to evidence presented at trial; (III) alleged flaws in the instructions submitted to the jury; and (IV) denial of appellant's motion for acquittal at the close of all evidence. For ease of analysis, individual points will be handled under these more general classifications. The judgment of the trial court is affirmed.

On September 7, 1989, the appellant and a friend, Brian Bruner, consumed a large amount of alcohol at the Sports Page Bar in Maryville, Missouri. Sometime after 1:30 a.m. on September 7th, appellant and Bruner drove to the James Edward Gray American Legion Post, located in Maryville. Bruner who was driving, parked his vehicle in the lot of a nursing home across the street. Upon approaching the Post, they found the building closed, locked, and unoccupied. Looking in through a window, they noticed a bar inside and appellant suggested that they "look inside." Appellant then used a brick to break a window.

Rather than entering immediately, appellant and Bruner withdrew across the street to see if any alarm had been sounded or if police would arrive. After waiting ten minutes, appellant and Bruner entered the Post through the window appellant had broken.

Once inside, appellant and Bruner broke down doors and internal partitions in an effort to reach the bar. Entry to the bar was gained and appellant and Bruner noticed beer, hard liquor, and other items, and at this point, decided to steal these items. Using a two wheeled dolly, appellant and Bruner loaded thirteen cases of beer into Bruner's car. Also stolen were two bottles of whiskey, pool balls, a lighted beer sign, ten dollars in cash, tools, and a fire extinguisher. Both men then left the Post and returned to Northwest Missouri State University where they were students.

The burglary was detected by a Maryville Public Safety Officer at 4:00 a.m. that same morning. Numerous tire tracks and footprints were left outside the Post and footprints were discovered inside. These tracks and prints were photographed by police. The Commander of the Post, Coeta Watkins, was contacted immediately upon discovery of the break-in and supplied police with a list of the missing items.

On September 11, 1989, Officer Roy Gibbs of the Northeast Missouri State University Public Safety Department entered appellant's dormitory room in response to a reported violation of the University's prohibition against the possession of alcohol. A search of the room disclosed beer in the refrigerator and twelve cases of beer under appellant's bed.

On September 12, 1989, Officer David Lin of the Maryville Public Safety Department, aware of the large quantity of alcohol found in appellant's dormitory room, contacted appellant at the University. Shortly thereafter, Officer Lin read appellant his *Miranda* rights and transported him to the Maryville Public Safety Department. While at the Department, appellant gave a written statement implicating himself and Brian Bruner in the burglary of the James Edward Gray American Legion Post. This statement was introduced into evidence by the state and accepted by the court.

Appellant was charged by information on September 13, 1989, with burglary in the second degree, stealing over one hundred and fifty dollars, and property damage in the second degree. After a change of venue from Nodaway County to Gentry County, the case came before the jury on April 30, 1990. On the day of trial the court allowed the state to amend the information to allege that appellant should be sentenced as a prior offender under Mo.Rev. Stat. § 558.016 (1986), based on a previous guilty plea in Illinois for the felony of forgery. The state produced, and the court accepted, a certified copy of conviction from the State of Illinois authenticating this prior felony conviction.

The appellant chose not to present any evidence at trial. Thus, based on the state's case-in-chief, the jury found appellant guilty on all three counts. Having found appellant to be a prior offender under § 558.016, the court sentenced appellant to two five year terms for burglary in the second degree and felony stealing to run consecutively, and thirty days in jail and a $150 fine for misdemeanor property damage.

## I.

Appellant alleges that the trial court erred in allowing the information to be amended on the day of trial. The information was amended to allege that appellant should be sentenced as a "prior offender" as defined in Mo.Rev.Stat. § 558.016.2 (1986). The nature of appellant's allegation of error is two fold: (1) that the amended information did not contain "all essential facts warranting a finding the defendant is a prior offender;" Mo.Rev. Stat. § 558.021.1(1) (1986); and (2) that he was prejudiced by the "prior offender" amendment on the day of trial because the thirty day time limitation contained in Rule 32.07 had expired, thus depriving him of the ability to change the judge who would now sentence him as a "prior offender."

### Validity of Amending the Information to Sentence Appellant as a "Prior Offender"

█ Other than the misdemeanor conviction, appellant was convicted by the jury of violating Mo.Rev.Stat. § 569.170 (1986) (burglary in the second degree), and Mo. Rev.Stat. § 570.030 (1986) (stealing over one-hundred and fifty dollars). Both offenses are class "C" felonies. Appellant attacks the validity of the amended information under Mo.Rev.Stat. § 558.021.1(1) (1986).[1] Because the amended information omitted the dates and length of appellant's prior term in a penal institution, appellant argues that the trial court did not have the "essential facts" necessary to sentence him as a "prior offender." While it is true that § 558.021.1(1) requires the court to have the "essential facts" at its disposal to sentence a defendant as a "prior offender," it does not enumerate those "essential facts." These facts are, instead, found in the controlling sentence enhancement statutes.

The duration of sentences for felony convictions are set out in Mo.Rev.Stat. § 558.011 (1986). These sentences, however, can be enhanced where the defendant is a repeat offender. Mo.Rev.Stat. § 558.016 (1986), allows the court to give "extended terms" of imprisonment for criminal defendants who have "pleaded guilty to or been found guilty of" at least one prior felony or two or more class "A" or "B" misdemeanors of specified types. Specifically relevant to this case, § 558.016.1 states that the court may sentence a "prior offender" to the maximum allowable sentence under § 558.011 or the statute governing the offense. Mo.Rev.Stat. § 558.019 (Supp.1988), is also a form of sentence enhancement and sets minimum prison terms for repeat offenders charged with class "A" and "B" felonies. Mo.Rev.Stat. § 558.019.2 (Supp. 1988). Because appellant was charged with, and convicted of, only class "C" felonies and misdemeanors, § 558.019 is inap-

plicable. This distinction between the sentence enhancement statutes is reflected in the controlling Missouri Approved Charge, 2.30 (1989 Revision). Notes on Use, paragraph 3, MACH–Cr 2.30 (1989 Revision), explains that a parenthetical paragraph stating the dates and duration of prior incarceration is only to be included when § 558.019 is applicable, that is when the "defendant is presently charged with ... a class A or B felony...." The Notes on Use and the controlling statute direct us to the conclusion that § 558.019 is inapplicable in the present case. Therefore, the "necessary facts" to sentence appellant as a prior offender are found only in § 558.-016.

To sentence appellant as a "prior offender," § 558.016 requires only that the defendant previously "pleaded guilty to or has been found guilty of one felony." The statute does not require that this prior felony resulted in incarceration as does the companion statute, § 558.019. Appellant argues that the amended information was invalid because it did not contain the dates or duration of appellant's previous incarceration. Appellant's argument seems to be founded upon a blurring or confusion of the "necessary facts" required by the respective sentence enhancement statutes. The amended information, that alleged appellant's previous guilty plea to the felony of forgery, contained all the "necessary facts" required by § 558.016 and was valid.

### Prejudice from Amending the Information

█ Appellant further alleges that he was prejudiced by the amendment to the information on the day of trial in that it deprived him of the ability to change the judge who would now sentence him as a "prior offender." *See* Mo.Rev.Stat. § 558.-016.1 (1986). Rule 32.07, entitled "Misdemeanors or Felonies—Change of Judge—Procedure," allows a criminal defendant thirty days after arraignment in which to

---

1. Section 558.021.1(1) states:

  1. The court shall find the defendant to be a prior offender, persistent offender, or dangerous offender if:

    (1) The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender, persistent offender, or dangerous offender....

file a motion to change judges. Rule 23.08, however, which sets up the procedures for amending an information, allows such amendments to be made "any time before verdict. . . ." Thus, the situation can arise, as it did in this case, where the information can be amended after the time limitation for changing judges has expired. Appellant argues that his inability to change judges was prejudicial.

While this court has not addressed this question, the Eastern District has met this exact issue and determined that the defendant before them did not suffer prejudice from having the information amended on the day of trial even though the thirty day limitation in Rule 32.07 prohibited him from requesting a change of judge. *State v. Pinson*, 717 S.W.2d 266, 270 (Mo.App. 1986). We believe, however, that *Pinson* does not express an absolute rule that a criminal defendant can never show that a late amendment to an information prejudiced his or her ability to change judges. Rather, *Pinson* merely applied the terms of Rule 23.08, that the amendment to the information is only valid "if a defendant's substantial rights are not thereby prejudiced." 717 S.W.2d at 269. Rule 23.08 and *Pinson* direct the trial court to determine if the amendment will prejudice the substantial rights of the defendant. Absent a showing of an abuse of discretion, the trial court's decision that the appellant was not prejudiced by the amendment will be upheld. *See State v. Woods*, 723 S.W.2d 488, 504 (Mo.App.1986) (stating that amendments not essential to the crime charged are within the trial court's discretion).

Appellant has failed to show, or even allege with any specificity, prejudice resulting from the amendment to the information. At best the appellant has alleged that the sentencing procedure worked as intended. The trial court found him to be a "prior offender" and sentenced him accordingly. While it is true that appellant had no opportunity to change the judge who would sentence him, appellant has failed to show in any fashion how this resulted in prejudice. Therefore, under *Pinson* and Rule 23.08 appellant's point is denied.

## II.

The second general category of arguments made by appellant relate to evidence produced at trial. Appellant claims that the trial court erred in: (1) failing to grant a mistrial when a witness for the state testified concerning a prior stealing conviction of appellant's; (2) not excluding testimony concerning the value of a fire extinguisher, one of the items taken from the American Legion Post; and (3) finding appellant to be a "prior offender" on evidence that did not warrant that conclusion beyond a reasonable doubt as required by Mo.Rev.Stat. § 558.021.1(3) (1986).

### Mistrial

■ Appellant argues that the trial court erred in not granting a mistrial when Officer Lin, a state witness and the arresting officer, testified about appellant being on probation from a prior conviction for stealing. While we in no way sanction evidence of prior crimes being improperly admitted into criminal prosecutions, it is axiomatic that "the declaration of a mistrial is a drastic remedy and should only be employed in the most extraordinary circumstances." *State v. Sidebottom*, 753 S.W.2d 915, 919–20 (Mo. banc), *cert. denied*, 488 U.S. 975, 109 S.Ct. 515, 102 L.Ed.2d 550 (1988). The circumstances in this case are not "extraordinary" and do not warrant a finding that the trial court abused its discretion in refusing to grant a mistrial. *See State v. Morris*, 639 S.W.2d 589, 593 (Mo. banc 1982) (stating that appellate review of a refusal to grant a mistrial is governed by an abuse of discretion standard), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). Instead, the circumstances of this case show that the objectional evidence was the product of an arguably unresponsive answer and the trial court gave an appropriate curative instruction immediately after the statement of Officer Lin. These two circumstances weigh strongly in favor of finding the trial court properly exercised its discretion.

■ Where the improper testimony of other crimes is the result of "[u]nre-

sponsive voluntary testimony" and "there was no evidence of a conscious effort by the prosecution to interject a prejudicial inference," a mistrial is not mandated, but is within the discretion of the trial court. *State v. Miller*, 680 S.W.2d 253, 255 (Mo. App.1984). There has been no showing by appellant, nor does a reading of the transcript reveal, that the state was attempting to elicit testimony concerning his previous stealing conviction.

Immediately after Officer Lin testified as to appellant's prior conviction, the court instructed the jury "to disregard the last question and answer given by this witness." "Ordinarily, the trial court acts within its discretion and cures error in the admission of evidence by withdrawing the improper evidence and instructing the jury to disregard it, rather than declaring a mistrial." *State v. Pinson*, 717 S.W.2d 266, 271 (Mo.App.1986). We find *Miller* and *Pinson* directly relevant to the present case and accordingly hold that the trial court did not err in refusing to declare a mistrial.

### Valuation of the Fire Extinguisher

■ Appellant next argues that the trial court erred in allowing Coeta Watkins, the Commander of the American Legion Post burglarized, to testify concerning the value of a fire extinguisher stolen. Because appellant was charged with stealing over one-hundred and fifty dollars under Mo.Rev. Stat. § 570.030 (1986), the value of the property stolen was a material element of the state's case. Whether or not Watkin's testimony concerning the fire extinguisher was proper is irrelevant, however, because there was sufficient evidence without her testimony concerning the value of the fire extinguisher to support appellant's conviction under Mo.Rev.Stat. § 570.030 (1986). The property stolen, excluding the fire extinguisher, was valued (in wholesale dollars) without objection by Watkins as follows: Thirteen cases of Busch beer—at $9.00 per case; a bottle of Jim Beam whiskey—$7.00; a bottle of Crown Royal whiskey—$18.00; and ten dollars in cash. This property alone totals $152.00 and would support appellant's conviction without tak-

ing into consideration the tools, pool balls, and promotional sign also stolen. Therefore, any error in admitting Watkin's testimony about the fire extinguisher was harmless and was mere "surplusage and not prejudicial." *State v. Thacker*, 701 S.W.2d 152 (Mo.App.1985). The Southern District in *Thacker* was confronted with nearly the identical issue before us now, an appellant convicted of receiving stolen property valued at more than $150 who alleged error in the admission of evidence concerning a single item of the property stolen. Because there was sufficient evidence to "sustain the state's burden of showing that the stolen property ... was worth more than $150 ..." without taking into consideration the controverted item, the court found appellant's argument meaningless. *Id*. The reasoning in *Thacker* is applicable here and we find this argument of appellant to be without merit.

### Findings of Fact Concerning Appellant As a "Prior Offender"

■ Finally, appellant argues that "[t]he Court's findings were insufficient under Section 558.021 and *Scharnhorst v. State*, 775 S.W.2d 241, (Mo.App.1989) to warrant beyond a reasonable doubt that appellant was a prior offender...." Mo.Rev.Stat. § 558.021.1(3) (1986), requires the court to make "findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender...." As we held above, the "essential facts" required by § 558.021.1(1) to sentence a defendant as a "prior offender" are found in § 558.016: that he has "pleaded guilty to or has been found guilty of one felony." Mo.Rev.Stat. § 558.016.2 (1986). Section 558.021.1(3) required the court to make a "finding" only as to those facts. Further, this finding need not have been a formal, specific "finding of fact." "Under the present version of § 558.021.1(3), so long as there is evidence to support findings of fact required to meet the present definition of persistent offender, the failure of the trial court to make specific findings has been labeled a 'procedural deficiency.'" *State v. Barnard*, 678 S.W.2d 448, 453

(Mo.App.1984) (quoting *State v. Bryant*, 658 S.W.2d 935, 940 (Mo.App.1983)). The trial court fulfilled its obligation under § 558.021 and did not err.

The judgment and sentence rendered by the court expressly states that "Keith Green served time in the Illinois Department of Corrections ... for forgery in the State of Illinois [which] would be a felony in the State of Missouri and the defendant is therefore a prior offender pursuant to the law." The court in the judgment and sentence further acknowledged "State's Exhibit No. 1," a certified copy of conviction from Illinois which specifically set forth the felonious nature of appellant's previous conviction. The judgment and sentence fully satisfied the requirements of § 558.021 and therefore appellant's argument is rejected. *See State v. Barnard*, 678 S.W.2d 448, 453 (Mo.App.1984) (holding that § 558.021.1(3) was satisfied where there was evidence of a foreign conviction and a recital of this evidence in the judgment and sentence; citing *State v. Wynn*, 666 S.W.2d 862, 865 (Mo.App.1984)). Further, appellant's reliance on *Scharnhorst* is misplaced in that the trial court there made no factual finding concerning the defendant's prior crimes. *State v. Scharnhorst*, 775 S.W.2d 241, 243 (Mo.App.1989). Appellant's point is denied.

### III.

Four of the ten points relied on argued by appellant relate to the jury instructions accepted or rejected by the trial court. Appellant argues that the three verdict directors, instructions numbered "6," "8," and "10" submitted to the jury, were erroneous because: (1) instructions "6" and "8," the verdict directors for Count One (burglary in the second degree) and Count Two (stealing over one-hundred and fifty dollars), directed the jury to ascribe the elements of the offenses to "the defendant or Brian Bruner," and not "the defendant and Brian Bruner," in violation of the Notes on Use, 7.(b), MAI–Cr3d 304.04 (1987); and (2) all three verdict directors individually included an opening paragraph explaining vicarious criminal liability in alleged violation of Notes on Use, 3.(a), MAI–

Cr3d 304.04 (1987). Appellant also states that the trial court erred in refusing to submit the instructions on lesser included offenses of: (3) second degree trespass, as a lesser included offense of Count One (burglary in the second degree); and (4) misdemeanor stealing, as a lesser included offense of Count Two (stealing over one-hundred and fifty dollars).

### The Submitted Verdict Directors

█ If an error in the jury instructions is to be the foundation for overturning a conviction, Rule 28.02 requires that there be both "error" in submitting the instruction and resulting prejudice. *See* Rule 28.02(c) & (f). Our first inquiry is whether the verdict directors failed to follow MAI and were thus erroneous.

Instructions "6" and "8" directed the jury to ascribe the elements of the offenses to "the defendant or Brian Bruner," and not "the defendant and Brian Bruner." Paragraph 7.(b) of the Notes on Use following MAI–Cr3d 304.04 mandates "where the evidence shows a joint commission of an offense ... ascribe the element to the defendant *and* the other person or persons" (emphasis in the original). Both instruction "6" and "8" failed to conform to this requirement and were erroneous under Rule 28.02(f).

█ Further, all three verdict directors included an opening paragraph explaining criminal liability for the conduct of another person. Appellant contends that Note on Use, 3.(a), MAI–Cr3d 304.04 (1987), mandates that this prefatory paragraph be set out in a separate instruction and not repeated in each verdict director. Appellant's contention does not, however, comport with the language of Note on Use, 3.(a), which, under circumstances like those in this case, states that "the opening paragraph ... may be deleted from this instruction." Clearly this, and the remainder of the Note on Use, gives the trial court discretion to either include the opening paragraph in each verdict director or submit it once as a separate instruction. Appellant does not argue that the trial court abused

its discretion, but that it ignored a mandate in the Notes on Use. No such mandate exists. Rather, the court merely exercised the discretion given it by the Notes on Use and thus, appellant fails to show error under Rule 28.02(c).

■ The only error appellant has succeeded in showing is in instructions "6" and "8" for failing to ascribe the elements of Count One and Two to the defendant and Brian Bruner as required by Paragraph 7.(b) of the Notes on Use following MAI–Cr3d 304.04. Therefore, our second inquiry under Rule 28.02(f), was there resulting prejudice, is limited to an examination of the effect of using "or" instead of "and" in these two verdict directors.

■ Prejudice, as that term is used in connection with erroneous jury instructions, is defined as the potential for misleading or confusing the jury. *See State v. Livingston,* 801 S.W.2d 344, 349 (Mo. banc 1990). The potential for confusing or misleading the jury in this case was small. The state produced a strong body of uncontroverted evidence, anchored to appellant's written confession and the testimony of his accomplice, which directly supports a finding that appellant met the elements of burglary in the second degree and felony stealing. Mistakenly stating "defendant or Brian Bruner" instead of "defendant and Brian Bruner" could not mislead or confuse a juror's ability to conclude that appellant "knowingly entered unlawfully" the American Legion Post "for the purpose ... of stealing therein;" or that appellant took items with a value exceeding $150 from the Post without its consent "for the purpose of withholding it from the owner permanently...." The error simply does not rise to the level where the jury's verdict is questionable because of potential confusion.

Another factor courts consider in evaluating the prejudicial impact of erroneous instructions is whether counsel called the irregularity to the attention to the court before the instruction was submitted to the jury. "If a defect is not readily apparent to alert counsel preparing to argue the case, there is very little likelihood that the jury will be confused or misled." *Hudson v. Carr,* 668 S.W.2d 68, 72 (Mo. banc 1984). Here, appellant's counsel did not point out the irregularity in instructions "6" and "8" at the instruction conference. This weighs against a finding of prejudice.

The Missouri Supreme Court has stated that "[t]o determine prejudice, the Court considers the facts and instructions together." *State v. Ward,* 745 S.W.2d 666, 670 (Mo. banc 1988). Looking at the insignificant error in instructions "6" and "8" in relation to the uncontroverted facts supporting the jury's verdict and counsel's failure to alert the court to non-compliance with MAI, we hold that submission of these verdict directors did not prejudice appellant. These points are denied.

### The Refused Lesser Included Offense Instructions

■ Appellant also alleges that the trial court erred in refusing to submit instructions to the jury on the lesser included offenses of trespass in the first degree and misdemeanor stealing. There is no argument that trespass in the first degree is a lesser included offense of burglary in the second degree, *State v. Neighbors,* 613 S.W.2d 143, 147 (Mo.App.1980), and that misdemeanor stealing can be a lesser included offense of felony stealing, *see State v. Brooks,* 748 S.W.2d 182 (Mo.App.1988). Appellant contends, however, that the evidence adduced at trial mandated that the trial court submit instructions on trespass and misdemeanor stealing.

Mo.Rev.Stat. § 556.046.2 (1986), states: The Court shall not be obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.

*See also Neighbors,* 613 S.W.2d at 148 ("instructions on the included offenses are not required unless there is a basis for finding the accused innocent of the higher offense *and* guilty of the lesser") (emphasis in the original). The "basis" spoken of in § 556.-046.2 must be more than mere possibility

and speculation. "[A]n instruction on a lesser included offense is required only where an evidentiary basis exists for a verdict acquitting the defendant of the offense charged...." *State v. Hyatt*, 716 S.W.2d 423, 426 (Mo.App.1986). In the present case, no such evidentiary basis existed for acquitting the appellant of felony stealing and burglary in the second degree.

Appellant argues that "the evidence failed to show the appellant entered the building with the intent to commit a theft." [2] In *State v. Portwood*, 694 S.W.2d 831 (Mo.App.1985), the Eastern District Court of Appeals was faced with facts and an argument similar to appellant's. In *Portwood*, the appellant was convicted of burglary in the second degree on the following facts: He was found outside a liquor store at four a.m.; the glass door to the store had been broken out with a large rock; money and liquor had been removed; and the appellant had offered no evidence to negate a finding that appellant entered the store with the intent to commit a crime. *Id.* at 831–32. As in this case, the appellant in *Portwood* argued that the trial court erred in refusing to submit an instruction covering the lesser included offense of trespass in the first degree because the state proved intent only by circumstantial evidence. *Id.* In holding that the trial court did not err in rejecting an instruction on the lesser included offense of trespass, the court stated:

'Where the evidence of appellant's guilt is strong and substantial ... and clearly shows the commission of a more serious crime, it is unnecessary to instruct on the lesser included offense.... In a non-homicide case the evidence must arguably show a lack of an essential element of the greater offense before the trial court must instruct on the lesser

included offense.' *State v. Boyd*, 629 S.W.2d 434, 437 (Mo.App.1981); *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982).

The essential element of burglary which we focus upon is the intent to commit a crime. § 569.170, RSMo (1978). When the State has shown an intent to commit a crime and there is no ambiguity in a defendant's purpose for being in a building, there is no basis for an instruction on first degree trespass. *Portwood*, 694 S.W.2d at 832. We find *Portwood* dispositive of appellant's argument concerning the trial court's refusal to offer an instruction on trespass. The evidence offered by the state, clearly supports a finding that appellant entered the Post with the intent to commit a crime. That this evidence was circumstantial is irrelevant in light of *Portwood* and the fact that evidence of intent is usually circumstantial. The evidence proving appellant's guilt of burglary in the second degree was "strong and substantial and the evidence clearly showed commission of the more serious crime as charged, it was not therefore necessary to instruct on a lesser and included offense." *State v. Craig*, 433 S.W.2d 811, 815–16 (Mo.1968).

Appellant's contention that the trial court erred by not submitting an instruction on misdemeanor stealing is totally without merit. As decided earlier, there was uncontroverted evidence adduced at trial that, at an absolute minimum, the value of the items stolen was $152. This testimony came from the Commander of the Post who is competent to testify concerning the value of the stolen items. The Missouri Supreme Court, in *State v. Reilly*, 674 S.W.2d 530 (Mo. banc 1984), concluded that an owner of stolen property need not be experienced in valuation to express an

---

**2.** Appellant bases his argument exclusively on the following excerpts of Brian Bruner's testimony at trial:

We walked over to the building and we walked around and he looked in one of the windows and he said, Oh, there's a bar in there. *And it was at that time he said let's go inside and look.* So we walked to the west side of the building. At this time he picked up a brick and threw it through the window.

*At that time (after entering the Post) we decided we would get—take some beer out of the cooler and along with the other items.* He wanted the pool balls and the rack and beer sign. And there was ten dollars in the cigar box behind the bar which we took and we split. There was a fire extinguisher and some tools out a closet [sic] in the office. And there was [sic] some note pads in the office desk (emphasis and parenthetical added).

opinion of value. *Id.* at 533. The court went on to hold:

There is no indication that the court abused its discretion in admitting the owner's testimony; once admitted, such evidence could have formed the basis for the jury's finding that the value of the item stolen exceeded $150 ... And this being the only evidence of value, the court was not required to instruct on a lesser included offense.

*Id.* Although the Commander of the Post is not the owner of the property, we find the reasoning in *Reilly* is not offended by allowing her to express an opinion on the value of the items stolen. There being no other evidence of value, the trial court did not err in refusing to instruct the jury on misdemeanor stealing.

Appellant correctly points out that cost does not always equal "value" as that term is used in Mo.Rev.Stat. § 569.170 (1986). *State v. Westfall,* 710 S.W.2d 408, 409 (Mo. App.1986). However, the reasoning in *Westfall* is inapplicable in this case. In *Westfall,* the item stolen was an air conditioner that had not been used, and had sat exposed to the elements, for five years. This evidence made the value of the air conditioner a jury question in which the owner's testimony concerning the unit's cost was only a factor. Here, there is no evidence making the Commander's valuation of the items stolen questionable. Appellant's point is denied.

## IV.

■ Finally, appellant argues that the trial court erred in not granting his motion for acquittal at the end of all evidence. Appellant argues that the evidence failed to show that he had the requisite intent necessary for a conviction of burglary in the second degree, specifically that he did not enter the Post "for the purpose of committing a crime therein." Mo.Rev.Stat. § 569.170.1 (1986).

An appellate court, when reviewing the sufficiency of the evidence to support a criminal conviction, must view the evidence in the light most favorable to the state, giving the state the benefit of all reason-able inferences to be drawn from the evidence, and must disregard any contrary evidence and inferences. *State v. Mallett,* 732 S.W.2d 527, 530 (Mo. banc), *cert. denied,* 484 U.S. 933, 108 S.Ct. 309, 98 L.Ed.2d 267 (1987). We will not weigh the evidence but will determine only whether the verdict is supported by sufficient evidence or "evidence from which reasonable men could have found a defendant guilty as charged." *State v. Murphy,* 753 S.W.2d 90, 91 (Mo.App.1988).

■ In light of the standards stated in *Mallett* and *Murphy,* appellant's argument that there was not sufficient evidence to support the conclusion that he knowingly entered the Post with "the purpose of committing a crime therein" is without merit. Intent is properly proven by circumstantial evidence. *State v. Jenkins,* 741 S.W.2d 767, 769 (Mo.App.1987); *State v. McBurnett,* 694 S.W.2d 769, 773 (Mo.App.1985). The circumstantial evidence in this case unquestionably gives rise to the reasonable inference that appellant entered the Post with the intent of committing a crime. Further, intent to commit a burglary exists where a person unlawfully enters a building containing items of value. *State v. Harris,* 744 S.W.2d 505, 508 (Mo.App.1988).

Appellant's argument that there was no substantial evidence of intent to enter the Post for the purpose of committing a crime is without authority and unreasonable. Therefore, this point is rejected.

Appellant has failed to produce a single argument with merit and accordingly the judgment of the trial court is affirmed.

NUGENT, C.J., concurs in separate opinion.

NUGENT, Chief Judge, concurring.

I concur with Judge Gaitan's opinion in all but one respect: I would affirm as to the second part of Point I for a different reason.

Defendant Green complains in his brief's Point II that the trial court erred in allowing the prosecutor to amend the information long after the defendant's time for applying for a peremptory change of judge

under Rule 32.07 had passed. The defendant claims that the late filing of the amended information left him no opportunity to file a peremptory challenge to the judge who would sentence him if the jury found him guilty. Had he been tried under the original information, the jury would have determined the maximum sentence, not the judge. That, says the defendant, "is prejudicial and unfair."

Rule 32.07(a) gives a defendant a right to a peremptory change of judge. The defendant "need not allege or prove any reason for such change." But for this rule, an occasional defendant might have no way to avoid a trial before a judge the defendant justifiably regards as prejudiced or unfair. Thus, unquestionably, Rule 32.07(a) grants a defendant a "substantial right" within the meaning of Rule 23.08.

The defendant's right to a peremptory change of judge constitutes a substantial right, although not an absolute right: the defendant must assert this right within specific time limits or waive it. In felony cases, Rule 32.07(c) limits the right to its exercise, with some exceptions, within thirty days. More importantly to some defendants, Rule 32.07(c) thus burdens the defendant with making his choice to apply for a change of judge even though the defendant would willingly submit to a jury trial before the designated judge in a case in which the defendant anticipates that the jury will assess the punishment. If the defendant has a concern about the designated trial judge, whether contingent or not, he must apply for the change within the time the rule allows. If he does not, he waives the right to a peremptory change even if he later learns that the designated trial judge will assess the punishment.

When a defendant waives his right to a peremptory change of judge, he does so at the risk of suffering some disadvantage, real or perceived. In this case, the defendant waived his limited right at the risk that the prosecutor would amend the information in such a way that the responsibility for imposing sentence would shift from the jury to the designated judge. Although the defendant lost an advantage that Rule 32.07 granted him, he lost it as a consequence of his own waiver, not as the result of unfairness.

Accordingly, I would deny defendants Point II.

SHANGLER, J. concurs.