**STATE of Missouri, Respondent,**

v.

**Davie HENDERSON, Appellant.**

**Davie HENDERSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65494, 67385.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 9, 1996.

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jill C. LaHue, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Defendant appeals after a jury trial, conviction and sentencing on charges of assault first degree and armed criminal action. Defendant abandoned his appeal of his denial of post conviction relief under Rule 29.15 because no issue has been briefed or argued.

The only claim of error is the court erred in rejecting defendant's proposed alibi instruction which would have allowed the jury to consider two alternative alibis. Defendant

offered the instruction because he believed the state's evidence proved the assault by use of a gun occurred on November 12, 1992, either at approximately 12:45 p.m. or at 1:55 p.m. He offered evidence that at 12:45 p.m., he was with a companion at a state probation and parole office and at 1:55 p.m. he was at a store. Accordingly, he offered a non MAI instruction patterned after MAI–CR3d 308.06 which was refused by the trial court. The instruction states in pertinent part:

2. If the defendant was at the State Probation and Parole Office or at the store on Emma and Park Lane at the time of the shooting on November 12, 1992, or if you do not find and believe from the evidence beyond a reasonable doubt that the defendant was present at 5960 Harney at the time of the shooting on November 12, 1992, then you must find the defendant not guilty under Count [I].

■ For an error in the jury instruction to be the basis for overturning a conviction, Rule 28.02 requires (1) an "error" submitting the instruction, and (2) prejudice to the defendant. *State v. Green*, 812 S.W.2d 779, 786 (Mo.App.1991). Prejudice, with respect to an erroneous jury instruction, means potential for misleading or confusing the jury. *Id.* at 787.

■ Defendant's claim of error is without merit for several reasons. The state's evidence proved a shooting occurred at 1:55 p.m., not at 12:45 p.m. The indictment was not specific as to time. The prosecutor, in opening statement, informed the jury that the shooting occurred at approximately 1:55 p.m. All of the witnesses testified the shooting occurred at 1:55 p.m. The police officers testified the shooting occurred at approximately 1:55 p.m. Although Officer Miller originally testified from memory that he thought the shooting happened around 12:45 p.m., after referring to a police report that recorded the time of the incident as "13:55," (1:55 p.m.), he modified his testimony and explained that his original estimate of time was just a guess. Thereafter, he confirmed the shooting occurred around 2:00 p.m. The victim of the shooting testified. He identified the defendant as the shooter, but did not know the time of the shooting. We find the state charged and proved a single shooting occurred at 1:55 p.m. Thus, refusal of the submitted instruction was required.

Next, the second alibi instruction which was accepted by the court, contained an open-ended alibi option; it allowed the jury to consider more than one alibi. The court correctly instructed the jury by giving an alibi instruction which included the following:

2. If the defendant was at the store on Emma and Park Lane at the time of the shooting on November 12, 1992, *or if you do not find and believe from the evidence beyond a reasonable doubt that the defendant was present at 5960 Harney at the time of the shooting on November 12, 1992, then you must find the defendant not guilty under Count 1.* (Our emphasis).

This instruction, patterned after MAI–CR3d 308.06, told the jury to acquit the defendant if they found him anywhere but at the scene of the crime.

■ Next, defendant did not request time of the offense to be inserted in the verdict directing instruction. Time may be of "decisive importance" when an alibi defense is relied upon. *State v. Graves*, 588 S.W.2d 495, 497 (Mo. banc 1979); *State v. White*, 621 S.W.2d 287, 295–296 (Mo.1981); and *State v. Sager*, 600 S.W.2d 541, 573–575 (Mo.App. 1980). Paragraph 4(b) of the Notes on Use following MAI–CR3d 304.02 requires defendant must request the time and the date the crime occurred in the verdict directing instruction. The verdict director should read " 'at about [*time of day or night*] on' a specific date, or 'between the hours of [*time of day or night*] on' a specific date." Notes on Use, 4(b), MAI–CR3d 304.02 (1990). Defendant did not make the request. If the verdict director had been specific as to the time, the potential problem would have been removed. In the absence of a request to insert the time in the appropriate instruction, we hold the court properly rejected the initial instruction.

We affirm.

REINHARD and CRANDALL, JJ., concur.