**STATE of Missouri, Plaintiff–Respondent**

v.

**Robert L. HUCKABY, Defendant–Appellant.**

**No. 17567.**

Missouri Court of Appeals, Southern District, Division One.

Feb. 25, 1992.

**156**

Scott B. Tinsley, P.C., Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PARRISH, Judge.

Robert L. Huckaby (defendant) was convicted, following a jury trial, of deviate sexual assault in the first degree and sexual assault in the first degree, class C felonies. §§ 566.070 and .040, RSMo 1986. This court affirms.

Defendant's points on appeal include an assertion that the evidence was not sufficient to support his convictions. In considering claims of insufficiency of evidence, appellate courts are required to accept as true all evidence favorable to the state, together with all favorable inferences drawn from the evidence. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). Contrary evidence and inferences are disregarded. *Id.* The determination to be made is whether there is sufficient evidence from which a reasonable juror could have found, beyond a reasonable doubt, that defendant was guilty. *Id.* Within these parameters, the trial transcript reveals the following facts.

The crimes charged were alleged to have occurred "on or between the 24th day of November, 1989, and the 1st day of December, 1989." The victim, S.H., was fourteen years old. She is defendant's adopted daughter. At trial she testified that when the incidents occurred upon which the criminal charges were based, she was watching television in her home. Her mother was at work. Defendant and S.H.'s two younger sisters were in the house. Defendant and S.H. were not in the presence of the other children. Defendant touched S.H.'s legs. The two of them got on the floor. Defendant started kissing S.H. At trial, S.H. was asked if she had her clothes on. She testified that after defendant began touching her, "the clothes came off." S.H. graphically described an act of "deviate sexual intercourse" that defendant performed upon her. § 566.010.-1(2), RSMo 1986. She testified, "[T]hen we had sexual intercourse."

S.H. testified that defendant had engaged in sexual acts involving her since

she was "[b]etween seven and eight" years old. She described acts of inappropriate touching as "the first kind of thing that [she] remember[ed] [her] dad doing." She stated: "First it was just the touching, and then it started out where he'd start kissing me, and then it started in to where it was the sexual intercourse." She also described other acts of "deviate sexual intercourse" the defendant caused her to perform on him on past occasions. S.H. told the trial court and jury, "He just said that I shouldn't say anything, you know, because it might get us in trouble."

S.H. read from an entry she testified that she had written in a diary: "[M]y dad is still abusing me, I can't stop and I hate it, I can't talk any more, goodnight, love always." Her mother discovered the diary and its entry in a sock drawer when putting away clean clothes. The discovery of the diary and a later confrontation of S.H. by her mother about the conduct of defendant led to the filing of the criminal charges.

Defendant claims that the trial court erred in denying his motion for a new trial because "the evidence was insufficient to permit a reasonable mind to believe defendant was guilty beyond a reasonable doubt of the crimes charged." He complains that there were inconsistencies in the testimony of the victim and "in the reasonable inferences to be drawn from other evidence."

The testimony of S.H. with respect to the acts of defendant in the commission of the offenses charged was definite and graphic. It did not conflict with physical facts or other surrounding circumstances shown by other evidence. Upon review of the record on appeal, this court does not find that the testimony of S.H. is "not convincing." *See State v. Erickson*, 793 S.W.2d 377, 384 (Mo.App.1990). This court is not left "clouded with doubt." *Id.* citing *State v. Ellis*, 710 S.W.2d 378, 380 (Mo.App.1986). The evidence that defendant complains was inconsistent or contradictory had no bearing upon proof that was essential to the case. The trial court did not commit error by denying the claim in defendant's motion for new trial that the evidence was insufficient to support either of his convictions.

That point is denied. There was sufficient evidence from which a reasonable juror could have found, beyond a reasonable doubt, that defendant was guilty of the offenses charged.

 Defendant also contends that the trial court erred in refusing to admit in evidence ten photographs, defendant's exhibits 8–17. He asserts that the photographs, each being of one or more family members—defendant appears in four of the pictures—were relevant to rebut the state's claim that defendant gave preferential treatment to S.H. Defendant claims the trial court's refusal to admit those exhibits in evidence prevented him from receiving a fair trial.

The state objected to the admission of the photographs on the basis that they were not relevant. The trial court sustained the state's objection.

Evidence is relevant if it logically tends to prove or disprove a fact in issue or to corroborate evidence which itself is relevant and bears on the principal issue. In a criminal proceeding, questions of relevancy are left to the discretion of the trial court and its ruling will be disturbed only if an abuse of discretion is shown. *State v. Wood*, 596 S.W.2d 394, 402 (Mo. banc), *cert. denied*, 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

This court finds no abuse of discretion by the trial court's ruling denying admission of the photographs into evidence. Six of the ten pictures, including the four in which defendant is pictured, appear posed. No offer of proof was made to show any basis for their admissibility. The pictures themselves do not disclose events or circumstances that would establish their relevancy. This court does not perceive any probative value that the pictures would have had in demonstrating how defendant treated S.H. or either of the other children. Defendant's second point is denied. The judgment is affirmed.

PREWITT, P.J., and CROW, J., concur.