STATE of Missouri, Respondent,

v.

Aaron Conell MALLORY, Appellant.

Aaron Conell MALLORY, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 17625, 18081.

Missouri Court of Appeals,
Southern District,
Division Two.

March 31, 1993.

Emily N. Blood, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

By an amended information, Aaron Conell Mallory (Defendant) was charged with second degree burglary (Count I) and stealing (Count II), each offense being a class C felony. Defendant was further alleged to be a prior offender.

A jury acquitted Defendant of the burglary offense, but convicted him of felonious stealing. He was sentenced to seven years' imprisonment as a prior offender and appeals from that conviction in Case No. 17625.

Subsequently, Defendant filed a motion for postconviction relief under Rule 29.15.[1] After an evidentiary hearing on his amended motion, the motion court entered findings of fact and conclusions of law denying the relief requested. In Case No. 18081, Defendant appeals from that denial. The appeals were consolidated pursuant to Rule 29.15(*l*) and will be addressed separately herein.

### No. 17625

In this appeal, Defendant presents two points complaining of instructional error. Therefore, we state the facts favorable to the verdict which are necessary for determination of Defendant's complaints. Defendant offered no evidence at trial.

On November 16, 1990, Richard Price and his wife returned from shopping to their home in Malden, Missouri, arriving after 7:00 p.m. They noticed their 25-inch Sanyo color TV, purchased for $350 in April 1990, was missing. The TV was so bulky that one person could not carry it. Upon investigation, Mr. Price determined the intruders entered his home via the back porch door. Price had previously taped a piece of cardboard on this back door to replace a broken glass and the cardboard had been pushed aside, allowing the door to be unlocked. Excited by their discovery, Mrs. Price ran outside, yelling that their TV had been stolen, while Mr. Price called the police.

At trial, Scotty Reed and Milton Triplett testified they were standing at a street corner about 7:30 the evening in question and saw Defendant and Larry Allen come from behind the house next to the Price home. They were carrying "a pretty good size" TV. Apparently Defendant and Allen saw the two witnesses at that time. Both witnesses and Defendant were well acquainted. Allen was heard to say, "[S]omebody's coming," and Defendant responded, "[F]orget them, they don't know what we're doing." The witnesses then observed Defendant and Allen load the TV in Defendant's car and drive away. Shortly thereafter, Reed saw Mrs. Price come outside her house and say her TV had been stolen.

Defendant's first point in his direct appeal alleges the trial court committed plain error when it submitted Instruction No. 7 (based on MAI–CR 3d 323.54 Modified) and Instruction No. 8 (based on MAI–CR 3d 324.02.1) because those instructions lowered the State's burden of proof and allowed the jury to convict Defendant if only Larry Allen committed the charged offenses.

In addition to submitting Instructions Nos. 7 and 8, the court gave Instruction No. 5, based on the opening paragraph of MAI–CR 3d 304.04. That paragraph explains the criminal liability of a defendant for the conduct of another person. Marginally, we set forth all three instructions.[2]

---

1. Rule references are to Missouri Rules of Court (1992).

2. Instruction No. 5

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it. MAI–CR 3d 304.04.

Instruction No. 7

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 16th, 1990 in the County of Dunklin, State of Missouri, the defendant, or Larry Allen, knowingly entered unlawfully in an inhabitable structure located at 404 North Edwards, Malden, Missouri, and possessed by Richard Price, and

Second, that defendant, or Larry Allen did so for the purpose of committing the crime of stealing therein,

As we understand Defendant's argument, proper submission of this case on the theory of accomplice liability required the verdict directors to be based upon MAI–CR 3d 304.04.

■ Defendant concedes this issue was not properly preserved and asks for plain error review. Rule 30.20. The assertion of plain error places a much greater burden on a defendant than when he asserts prejudicial error. *State v. Hunn*, 821 S.W.2d 866, 869 (Mo.App.1991).

An instructional error is seldom a plain error. Defendant must go beyond a demonstration of mere prejudice and establish such a misdirection of the jury as would cause manifest injustice or a miscarriage of justice.

*State v. Walton*, 703 S.W.2d 540, 542 (Mo. App.1985) (citations omitted). We find no such misdirection here.

■ Rule 28.02(c) mandates the use of an applicable MAI–CR instruction to the exclusion of any other instruction. Violation of this rule constitutes error, the prejudicial effect to be judicially determined. Rule 28.02(f).

As Defendant contends, the verdict directors in this case should have been based on MAI–CR 3d 304.04. The Notes on Use para. 6 indicate this instruction "is applicable when the evidence shows that the defendant acted together with another person in the commission of an offense...." The only evidence here reveals Defendant acted together with Allen in committing the stealing offense.

To determine prejudice from the erroneous verdict directors we are entitled to consider the facts and instructions together. *State v. Ward*, 745 S.W.2d 666, 670 (Mo. banc 1988). The gist of Defendant's argument is that Instruction No. 8 allowed his conviction if the jury only believed Allen stole the TV. This argument ignores Instruction No. 5 and his acquittal of burglary under Instruction No. 7.

As stated, Instruction No. 5 is the opening paragraph of MAI–CR 3d 304.04 which defines Defendant's criminal liability for the conduct of another person. The facts are clear that Allen was the only "other person" involved in the theft and that both Allen and Defendant committed the crime together. We see little potential for the jury being misdirected sufficiently to cause a miscarriage of justice from reading Instructions Nos. 5 and 8 together. The State's evidence was strong and uncontroverted from two eyewitnesses that Defendant and Allen together stole the TV. The improper use of "defendant or Larry Allen," instead of conjunctively, failed to deter the jury from acquitting Defendant of burglary where the evidence was only circumstantial. As expected, Defendant is unable to show manifest injustice occurred from submission of Instruction No. 7. We believe the jury understood Instruction No. 5 applied to both Instructions Nos. 7 and 8 and rendered verdicts based upon strong

then you will find the defendant guilty under Count I of burglary in the second degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all these propositions, you must find the defendant not guilty of that offense.

A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion. MAI–CR 3d 323.54 Modified.

Instruction No. 8

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about November 16, 1990 in the County of Dunklin, State of Missouri, the defendant or Larry Allen took a twenty-five inch Sanyo color television set owned by Richard Price, and

Second, that the defendant or Larry Allen did so without the consent of Richard Price, and

Third, that defendant or Larry Allen did so for the purpose of withholding it from the owner permanently or disposing of it in such a way that made recovery by the owner unlikely, and

Fourth, that the property so taken had a value of at least one hundred fifty dollars then you will find the defendant guilty under Count II of felony stealing.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all these propositions, you must find the defendant not guilty of that offense. MAI–CR 3d 324.02.1.

evidence of stealing and weaker evidence of burglary.

Defendant's counsel argued in closing that the eyewitnesses were lying, i.e., Defendant and Allen did not commit the crime of stealing. Therefore, the jury had only to decide whether Defendant and Allen did or did not commit the crime. The jury had no evidentiary basis to conclude only Allen stole the TV since the evidence was strong that both persons did so. We find no miscarriage of justice occurred in the erroneous submission of Instruction No. 8 when read in light of Instruction No. 5.

The only case cited by Defendant on instructional error is *State v. Green*, 812 S.W.2d 779 (Mo.App.1991). There, the verdict directors for burglary (Count I) and stealing (Count II) directed the jury to ascribe the elements of the offenses to "the defendant or Brian Bruner" and not "the defendant and Brian Bruner." The Court determined the alternative submission was improper based on the mandate of MAI–CR 3d 304.04, Notes on Use para. 7(b). That paragraph indicates "where the evidence shows a joint commission of an offense ... ascribe the elements to the defendant *and* the other person...." However, the Court found no prejudicial error in the use of "or" rather than "and" in the two verdict directors since the evidence of defendant's guilt was uncontroverted and defendant failed to offer objections at the instruction conference. *Id.* at 787. We glean nothing from *Green* that aids Defendant here. *Green* actually supports our view that no manifest injustice occurred in giving Instruction No. 8. This point lacks merit.

◼ Movant's last point on his direct appeal alleges the trial court erred in submitting Instructions Nos. 7 and 8 because the information did not charge him with accomplice liability, yet the trial court's submission of those instructions allowed the jury to find Defendant guilty on the theory of accomplice liability. He claims lack of notice of the State's theory of the case.

It is true that both counts of the information in this case charge Defendant as a principal. However, "[i]t has been repeatedly held that even though a defendant is charged as a 'principal', it is not error to submit his guilt as an 'aider.'" *State v. Randleman*, 705 S.W.2d 98, 101 (Mo.App. 1986). In that case, defendant was tried by an amended information which alleged she committed the offenses of second degree burglary and stealing. Defendant contended the trial court erred in giving verdict directing instructions patterned upon MAI–CR 2d 2.12 (now MAI–CR 3d 304.04) which authorized a verdict of guilty upon a finding that defendant aided another person. This Court found no error. Other cases so holding are *State v. Hill*, 808 S.W.2d 882, 888 (Mo.App.1991); *State v. Turner–Bey*, 812 S.W.2d 799, 805 (Mo.App.1991); and *State v. Luckett*, 770 S.W.2d 399, 405 (Mo. App.1989). Point denied.

### No. 18081

On appeal from denial of his postconviction relief motion Defendant presents a three-pronged point alleging ineffective assistance of trial counsel.

Our review of this point is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(j); *State v. Williamson*, 836 S.W.2d 70, 73 (Mo.App.1992). These findings and conclusions are deemed clearly erroneous only if review of the entire record leaves this Court with a definite and firm impression that a mistake was made. *Chambers v. State*, 809 S.W.2d 27, 28 (Mo.App.1991).

◼ To prevail on a claim of ineffective assistance of counsel, "a defendant must establish that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that he was thereby prejudiced." *Mallett v. State*, 769 S.W.2d 77, 82 (Mo. banc 1989), *cert. denied*, 494 U.S. 1009, 110 S.Ct. 1308, 108 L.Ed.2d 484 (1990). Prejudice results when defendant shows there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* Defendant must "satisfy *both* the performance prong and the prejudice prong to

prevail on an ineffective assistance of counsel claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ In prong (A) of this point, Defendant asserts his trial counsel was ineffective by failing to offer proper verdict directors based on MAI–CR 3d 304.04 or by failing to direct the trial court's attention to the mandatory use of said instruction.

We determined under Point I of Defendant's direct appeal the instructional error did not misdirect the jury. Defendant suffered no prejudice even if his trial counsel failed to offer proper verdict directors. The motion court's denial of this assertion was not clearly erroneous.

■ Prong (B) complains of trial counsel's ineffectiveness in failing to (1) offer a jury instruction on the lesser included offense of stealing under $150, (2) cross-examine Richard Price regarding the condition of the stolen TV, and (3) argue the value of the TV to the jury.

Defendant's trial counsel testified she investigated the condition and value of the TV by talking with the owner. The owner told her the date of the purchase, how much he paid for it, that he bought it new, it was in good working condition, it was worth more than $150, and he was very definite in his statements to counsel.

The motion court found and concluded: Section 556.046.2, RSMo 1986, provides that the court is not obligated to charge the jury with respect to an included offense unless there is a basis for a verdict acquitting a defendant of the offense charged and convicting him of the included offense. Stealing is a class C felony if the value of the stolen property is $150.00 or more. Section 570.030.3, RSMo 1986. To justify the giving of a misdemeanor stealing instruction there must have been evidence that the television set had a value of less than $150.00. *State v. Brooks*, 748 S.W.2d 182 (Mo. App.1988); *State v. Green*, [812 S.W.2d] at 789. There was no such evidence in the trial of the criminal case, nor in the motion hearing. The trial attorney was not ineffective for failing to offer an instruction not supported by the evidence; nor was she ineffective for not attempting to argue something not in evidence. The cross-examination of witnesses is a matter of trial strategy, and the extent thereof should be left to the judgment of the attorney. *Chambers v. State*, 809 S.W.2d 27, 29 (Mo.App.1991). The alleged insufficiency of the cross-examination does not entitle movant to relief.

Based on the record, we are confident the findings and conclusions on this issue are not clearly erroneous.

■ The final prong alleges trial counsel was ineffective for not objecting to the State's indirect references in closing to Defendant's failure to testify, thereby shifting the burden on Defendant to prove his innocence.

Summarized, the prosecutor argued in closing the uncontroverted evidence showed that Defendant and Allen stole the TV, carried it away and loaded it in their car. After indicating maybe there was another TV out behind the house, he said, "But we don't know that. We hadn't heard anything about that." A similar remark was later made.

Clearly a prosecutor may not refer directly to a defendant's failure to testify. *State v. Stewart*, 811 S.W.2d 805, 809 (Mo. App.1991). Nor may a prosecutor make an indirect reference to Defendant's failure to testify if the reference is determined to highlight or reasonably apt to direct the jury's attention to the fact that defendant did not testify. *State v. Gleason*, 813 S.W.2d 892, 897 (Mo.App.1991). However, the prosecutor may make reference to Defendant's failure to introduce evidence. *Id.*

Here, the record is clear the prosecutor's remarks referred to Defendant's failure to offer evidence. The remarks did not highlight the failure of Defendant to testify nor was the jury's attention drawn to that fact. *See State v. Jackson*, 750 S.W.2d 644, 648 (Mo.App.1988).

The judgment of conviction in Defendant's criminal case is affirmed as is the order denying Defendant's Rule 29.15 motion.

FLANIGAN and PREWITT, JJ., concur.