STATE of Missouri, Respondent,

v.

Kenneth BELL, Appellant.

Kenneth BELL, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60067, 62292.

Missouri Court of Appeals,
Eastern District,
Division Seven.

May 18, 1993.

John A. Klosterman, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Chief Judge.

In this consolidated appeal, defendant, Kenneth Bell, contests convictions of murder first degree, armed criminal action, two counts of assault, burglary, tampering with physical evidence and denial of Rule 29.15 relief without an evidentiary hearing. We affirm denial of post conviction relief and all convictions and sentences except the murder conviction which is reversed and remanded because of prejudicial error in the verdict-directing instruction on that charge.

The charges were proven by the following evidence. On March 19, 1990, Mario Thomas was playing with his brother, the Allen twins who lived next door, Darerus Williams and Andre Johnson at his family's apartment. After Williams and Johnson left, the discussion turned to gang affiliations. The Allen twins indicated they wanted to "smack" Williams and Johnson for their choice. Mario left the apartment to make the two aware of the twins' comments. Williams and Johnson returned with Mario but Mario's mother stopped any potential outburst.

The gang Williams and Johnson belonged to was led by defendant, who was also informed of the Allen twins' statements while at Williams's house. Defendant told Williams to bring him a gun. Defendant wiped off the bullets and loaded the gun. Williams and defendant then proceeded to the Allen house, defendant carrying the gun.

Upon reaching the house, they went up the back stairs. Williams kicked in the back door and defendant began shooting into the apartment. The twins' ten year old brother, Rickey Allen, was shot and bled to death. Their mother and sister escaped after defendant shot at them. Rickey's sister was able to identify defendant.

Defendant raises three points on direct appeal through counsel and ten pro se points included in counsel's brief. Defendant first contends error in defining reasonable doubt as firmly convinced. Repeatedly, this court has rejected this theory under *State v. Griffin*, 848 S.W.2d 464 (Mo banc 1993). Point denied.

Defendant also argues the grand and petit jury selection procedures constitute error. Both procedures were upheld in prior opinions of this court. *See, State v. Landers*, 841 S.W.2d 791 (Mo.App.E.D. 1992) and *State v. Allen*, 845 S.W.2d 671 (Mo.App.E.D.1993). Point denied.

■ The next contention of error involves only the murder first degree conviction. Defendant argues Instruction No. 6, the verdict director, was improper in that it lowered the state's burden of proof. We agree the instruction was incorrectly submitted and remand for a new trial on this charge only.

Defendant was charged through indictment on the murder charge as follows:

... that the defendant and another person, in violation of Section 565.020.1 RSMo, committed the class A felony of murder in the first degree ... in that on or about the 20th day of March, 1990, ... the defendant and another person, after deliberation, knowingly killed or caused the death of RICKEY ALLEN by shooting him. . . .

The state tried the case under the theory defendant was the shooter. The evidence to prove defendant was the shooter has been noted. However, a police officer tes-

tified defendant made a post arrest statement he was an accomplice, not the shooter. The statement was on a tape played for the jury. The tape is not included in the record on appeal and was not transcribed into the transcript. We conclude from a lengthy statement of the trial court that the taped statement of defendant would, if believed, support a conviction of the charged crime as an accessory only.

The court on its own motion, submitted a hybrid MAI CR–3rd combination of 304.04 and 313.02. The court accepted full responsibility for any resulting problems. The problems stem from what the court saw as opposing evidence presented by the state, defendant was the shooter and not the shooter. On either theory, he could be guilty of the charged crime. The court sought to submit both theories to prevent a not guilty verdict because a juror believed defendant's statement that he was a participant and a look-out but not the shooter. The instruction was as follows:

A person is responsible for his own conduct and he is also responsible for the conduct of another person in committing an offense if he acts with him with the common purpose of committing that offense, or if, for the purpose of committing that offense, he aids or encourages the other person in committing it.

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on March 20, 1990, in the City of St. Louis, State of Missouri, the defendant or Darerus Williams caused the death of Rickey Allen by shooting him, and

Second, that defendant *or* Darerus Williams knew or was aware that his conduct was causing or was practically certain to cause the death of Rickey Allen or that it was the defendant's *or* Darerus Williams purpose to cause the death of Rickey Allen, and

Third, that defendant *did so* after deliberation, which means cool reflection *upon the matter* for any length of time no matter how brief, or

Fourth, that with the purpose of promoting or furthering the death of Rickey Allen, the defendant aided or encouraged Darerus Williams in causing the death of Rickey Allen and reflected upon this matter coolly and fully. . . . (Our emphasis).

■ When an MAI–CR instruction is applicable, it shall be used to the exclusion of any other form. Rule 28.02(c). If the applicable instruction is not given, it shall constitute error, its prejudicial effect to be judicially determined. Rule 28.02(f). Prejudice, as that term is used in connection with erroneous jury instructions, is defined as the potential for misleading or confusing the jury. *State v. Green*, 812 S.W.2d 779, 786 (Mo.App.1991).

Paragraph second would permit a guilty verdict if Darerus Williams knew or was aware his conduct would cause death, or, that Darerus Williams had the purpose to cause death. The jury was not required to find either element as to defendant because of the disjunctive submission. This possibility makes the paragraph third meaningless. The phrases [defendant] "did so" after [cool reflection] "upon the matter" have no antecedent from the second paragraph. Paragraphs second and third would permit a guilty verdict without finding "cool deliberation" by defendant or his purpose to cause the death of Rickey Allen. If convicted on this theory, an essential finding would be missing—intent.

The problem is further complicated by the court's addition of paragraph fourth. This paragraph establishes deliberation under the accessory theory while paragraph third establishes deliberation under the theory defendant was the shooter. The two paragraphs represent opposing theories yet they are connected by the word "or". This connector creates the possibility of conviction without a unanimous jury. Some, but not all jurors, may accept one and reject the other theory, yet vote for conviction. While we recognize accessory liability leads to the same result of a murder first degree conviction, this instruction as submitted, is not an acceptable vehicle to accomplish that result, particularly in a case where the

state never subscribed to the accessory liability theory. The presumed prejudicial error remains where it is not possible to determine no prejudice resulted. We remand for a new trial on the murder first degree charge.

Defendant also raises ten *pro se* points included in counsel's brief. We will not address these individually because they are without merit and no jurisprudential purpose would be served.

We reverse and remand the murder first degree charge. We affirm denial of post conviction relief addressed to all charges. All other convictions and sentences are affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.