STATE of Missouri, Plaintiff–
Respondent,

v.

Carl T. ROEDEL, Jr., Defendant–
Respondent.

No. 64302.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1994.

J. Martin Hadican, Michael A. Gross, St. Louis, co-counsel, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Carl T. Roedel, Jr., appeals from his conviction, after a jury trial, for deviate sexual assault in the first degree. He was sentenced as a prior offender to imprisonment for five years. We affirm.

The evidence, viewed in the light most favorable to the verdict, discloses that D.B., a fifteen year old female, was staying at a hotel in St. Louis while on a school trip from Cedar Rapids, Iowa. During their free time, D.B. and her friend, R.M., also a fifteen year old female, were using the hotel sauna when defendant approached the girls, explained he was affiliated with the National Institute of Massage, and asked if he could give them a massage. Both girls agreed. Defendant began massaging D.B.'s ankle and eventually

touched her vaginal area with his hand inside her swimsuit. Defendant had previously placed a towel over D.B.'s midsection, from the middle of her thigh to her abdomen. Because she was frightened, D.B. said nothing to R.M. at that time and left the sauna. R.M. testified that defendant subjected her to a similar incident.

Shortly thereafter, the girls discussed what had occurred and notified the front desk clerk at the hotel. Upon returning to the sauna with the clerk, the girls identified defendant. The police arrived and defendant was arrested. In a written statement, defendant admitted massaging the girls and confessed that he had been arrested in Florida in 1986 for indecent exposure, adding that he needed "real help for [his] problem." Defendant did not testify or present any evidence at trial.

Defendant first claims the statute under which he was convicted is unconstitutionally vague. Specifically, defendant asserts § 566.070, RSMo1986, violates the due process requirements of U.S. Const. amend. XIV and Mo. Const. art. I, § 10 in that the statute defines "deviate sexual assault in the first degree" in terms so vague that persons of common intelligence must guess at its meaning and differ as to its application.

We first determine whether this court has jurisdiction to decide defendant's constitutional challenge. The court of appeals does not have jurisdiction over the constitutional validity of a state statute. Mo. Const. art. V, § 3. The mere assertion that a statute is unconstitutional, however, does not deprive the court of appeals of jurisdiction unless the constitutional issue is real and substantial, and not merely colorable. *State v. Prowell*, 834 S.W.2d 852, 854 (Mo.App.E.D. 1992) (citing *State v. Charity*, 637 S.W.2d 319, 321 (Mo.App.1982)). Because we find defendant's constitutional claim merely colorable and not substantial, this court has jurisdiction.

Defendant's claim that the statute lacks sufficient clarity to provide reasonable notice of the type of conduct which might be punishable is without merit. A valid statute must provide a person of ordinary intelligence a reasonable opportunity to learn what is prohibited. *State v. Mahurin*, 799 S.W.2d 840, 842 (Mo. banc 1990). When determining whether terms are unconstitutionally vague, neither absolute certainty nor impossible standards of specificity are required. *State v. Duggar*, 806 S.W.2d 407, 408 (Mo. banc 1991).

The crime of "deviate sexual assault in the first degree" is committed when a person has "deviate sexual intercourse" with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old. § 566.070(1), RSMo1986. "Deviate sexual intercourse" is defined in § 566.010(1), RSMo1986, as "any sexual act involving the genitals of one person and the mouth, tongue, hand, or anus of another person." This definition was held not to be unconstitutionally vague in *State v. Ellis*, 853 S.W.2d 440 (Mo.App.E.D.1993). *Cf. J.B.K., Inc. v. Caron*, 600 F.2d 710 (8th Cir.1979). The statute is sufficiently specific to provide fair warning that defendant's actions were within the conduct that is prohibited. Point one is denied.

In his second point, defendant challenges the submissibility of the state's case. Defendant claims the evidence failed to establish that he had deviate sexual intercourse with D.B., because no testimony was presented establishing that he had actually touched D.B.'s genitals. In considering claims of insufficiency of evidence, however, we accept as true all evidence favorable to the state, together with all favorable inferences drawn from the evidence. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992); *State v. Huckaby*, 824 S.W.2d 155, 156 (Mo.App. 1992).

D.B. testified that defendant touched her vaginal area. This testimony alone is evidence from which a juror could find defendant guilty. Even uncorroborated testimony of the victim in a case of sexual assault is sufficient to sustain a conviction. *Sladek*, 835 S.W.2d at 310; *State v. Erickson*, 793 S.W.2d 377, 384–85 (Mo.App.1990). In addition, there was other substantial evidence establishing defendant's guilt. Point two is denied.

Finally, defendant claims error relating to the denial of his motion for a judgment of acquittal. No error of law appears. No jurisprudential purpose would be served by an extended opinion on this point. Defendant's remaining point is denied. Rule 30.-25(b).

The judgment of conviction is affirmed.

GRIMM, C.J., and CRANE, P.J., concur.