STATE of Missouri, Respondent,

v.

Kenneth BELL, Appellant.

Kenneth BELL, Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 65226, 66657.

Missouri Court of Appeals, Eastern District, Division Three.

July 11, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1995.

Application to Transfer Denied Oct. 24, 1995.

Susan K. Eckles, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Kenneth Bell, appeals from the trial court's judgments of conviction, after a jury trial, for murder in the first degree and armed criminal action. He was sentenced to a term of imprisonment for life without eligibility for probation or parole for the murder conviction and a consecutive term of life for the armed criminal action conviction. Defendant also appeals from the denial of his Rule 29.15 motion without an evidentiary hearing. We affirm the trial court's judgments of conviction and the denial of defendant's Rule 29.15 motion.

Defendant does not challenge the sufficiency of the evidence. On March 20, 1990, defendant shot and killed a ten-year-old child in a gang related shooting. At trial he testified he was the shooter. Defendant's theory of the case was that he never deliberated. He claimed he was helping out a friend, Darerus Williams, who had been threatened by the victim's brothers. That night Williams accompanied the defendant to the victim's apartment. Defendant claimed it was not his fight and his intent was only to scare, not to kill anyone.[1]

Defendant first claims the trial court erred in submitting the verdict directing instruction for murder in the first degree.[2] He argues the verdict director lowered the state's burden of proof by not requiring a finding that he deliberated.

The instruction reads as follows:

---

1. Further facts are set forth in *State v. Bell*, 854 S.W.2d 612 (Mo.App.E.D.1993), an earlier appeal of this case.

2. Even though defendant himself testified that he was the shooter, he had claimed that he was only an accomplice in an earlier statement to police. On either theory, he could be guilty of the charged crimes. The trial court therefore submitted an instruction based on both theories.

## INSTRUCTION NO. 6

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on March 20, 1990, in the City of St. Louis, State of Missouri, the defendant or Darerus Williams caused the death of Ricky Allen by shooting him, and

Second, that defendant or Darerus Williams knew or was aware that his conduct was causing or was practically certain to cause the death of Ricky Allen or that it was the defendants or Darerus Williams purpose to cause the death of Ricky Allen, and

Third, that defendant or Darerus Williams did so after deliberation, which means cool reflection upon the matter for any length of time no matter how brief,

then you are instructed that the offense of murder in the first degree has occurred, and if you further find and believe from the evidence beyond a reasonable doubt:

Fourth, that with the purpose of promoting or furthering the death of Ricky Allen, the defendant aided or encouraged Darerus Williams in causing the death of Ricky Allen and reflected upon this matter coolly and fully,

then you will find the defendant guilty under Count I of murder in the first degree.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the first degree.

If you do find the defendant guilty under Count I of murder in the first degree, you are to assess and declare punishment at imprisonment for life without eligibility for probation or parole.

■ Defendant concedes the instruction complies with the applicable pattern instructions and their notes on use. *See* MAI–CR3d 304.04 (effective 1–1–87); MAI–CR3d 313.02 (effective 1–1–87). The Court of Appeals lacks the authority to declare an instruction which complies with pattern instructions approved by the Missouri Supreme Court erroneous. *State v. Douthit,* 846 S.W.2d 761, 763 (Mo.App.E.D.1993). In any case, Instruction No. 6 did not relieve the state of its burden concerning proof of deliberation.

■ "[A] first degree murder instruction premised on accessory liability must ascribe deliberation to the defendant." *State v. Ervin,* 835 S.W.2d 905, 923 (Mo. banc 1992), *cert. denied,* — U.S. —, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). In defendant's *first* appeal his first degree murder conviction was reversed and remanded because the verdict director contained a disjunctive which made it possible for the jury to find the defendant guilty without finding "cool deliberation." *State v. Bell,* 854 S.W.2d 612 (Mo.App.E.D. 1993). On retrial, the trial court corrected the flaw by submitting an instruction which ascribes the element of deliberation to the defendant.

The first three paragraphs of the new instruction set forth the elements of first degree murder. The instruction by its terms requires the jury to find the defendant guilty only if *each* and *all* of the propositions from the entire instruction are found and believed beyond a reasonable doubt. The fourth paragraph attributes each of the elements for accessory liability, including deliberation, specifically to the defendant. The submission of Instruction No. 6 was not error. Point one is denied.

■ Defendant's second point claims error in the trial court's submission of Instruction No. 13 concerning voluntary intoxication by a defendant. He argues this instruction also lowers the state's burden of proof by excusing the state from proving the element of intent. Defendant claims the instruction failed to remedy a constitutional flaw found in an earlier approved pattern instruction on voluntary intoxication.[3] *State v. Erwin,* 848 S.W.2d 476, 483 (Mo. banc 1993), *cert. denied,* — U.S. —, 114 S.Ct. 88, 126

---

**3.** That version read as follows: "You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." MAI–CR3d 310.50 (effective 1–1–87).

L.Ed.2d 56 (1993). The Missouri Supreme Court found the older version implicitly relieved the state of its burden of proof of intent. *Id.*

Instruction No. 13, like No. 6, complies with the applicable pattern instruction and its notes on use. *See* MAI–CR3d 310.50 (effective 10–1–94). As we have already stated, the Court of Appeals lacks the authority to declare such an instruction erroneous. *Douthit,* 846 S.W.2d at 763. In any case, the instruction remedied the flaw found in the older version.

The Court in *Erwin* noted that the older version appeared to stand "... by itself." *Erwin,* 848 S.W.2d at 483. By standing by itself, the instruction made it at least as likely for the jurors to interpret it as going *beyond* its intention of asking them to disregard evidence of intoxication to actually relieving the state of its burden of proving intent. *Id.*

The instruction submitted in this case reads as follows:

> The state must prove every element of the crime beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct.

Unlike the older version, this instruction does not stand by itself. It explicitly directs the jury's attention to the state's burden to prove *every* element of the crime. Point two is denied.

We have reviewed defendant's remaining points on direct appeal. As to points three and four, no jurisprudential purpose would be served by a written opinion. They are denied. Rule 30.25(b).

As to point five, the judgment denying the defendant's 29.15 motion is based on findings of fact that are not clearly erroneous; no error of law appears. An opinion on this point would have no precedential value. The judgment is affirmed. Rule 84.16(b).

The trial court's judgments of convictions are affirmed. The denial of defendant's Rule 29.15 motion is affirmed.

CRANE, P.J., and DOWD, J., concur.