**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Arthur ARMSTRONG, Defendant–
Appellant.**

**No. 20735.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 30, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

A jury convicted Arthur Armstrong (Appellant) of murder in the first degree, § 565.020, and armed criminal action, § 571.015.[1]  On this appeal, he challenges a jury instruction based on MAI–CR3d 310.50, and the effectiveness of his trial counsel. We affirm.

Appellant's conviction arose from his shooting of an acquaintance on July 3, 1994. The evidence indicated that Appellant, who had been drinking, had a disagreement with the victim prior to retrieving a gun from his gun cabinet, loading it, going to a house where the victim was located, and firing the fatal shot.

Prior to trial, Appellant filed a notice of his intention to rely on the defense of mental disease or defect excluding responsibility. At trial a psychologist, called by Appellant, testified that he suffered from a disorder which includes brief reactive psychotic episodes and chronic major depression. He also testified that Appellant suffered from chronic alcoholism, had experienced "blackouts due to alcoholism" since 1988, and, in his opinion, was experiencing such a blackout at the time of the shooting.  The witness explained that, in an alcoholic blackout, a person is "not really aware of what's going on" and will "not remember anything of what [he] did."  He testified that, as a result, Appellant was not capable of deliberation or of committing a knowing act at the time of the shooting.

Police officers who went to the scene following the shooting testified that Appellant did not appear to be intoxicated, that he gave them a statement in which he recounted the events leading up to the shooting, and said, "I know what I did was wrong."

The focus of Appellant's first point relied on is Instruction No. 13.  That instruction, based on MAI–CR3d 310.50, read as follows:

### Instruction No. 13

The state must prove every element of the crime beyond a reasonable doubt. However, in determining the defendant's guilt or innocence, you are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct.

He contends that the instruction (1) "effectively created a presumption that Appellant had the requisite mental state for the charged offense by relieving the state of its constitutional burden of proving all elements of the offenses beyond a reasonable doubt," and (2) it "prevented the jury from considering Appellant's defense that his alcoholic blackout negated the mental state necessary for first degree murder."  He theorizes that the instruction was mandated by § 562.076,[2] and that they both (the instruction and the statute) violate his rights to due process and to present a defense under the Fifth, Sixth,

---

1.  All references to statutes are to RSMo 1994, and all references to rules are to Missouri Rules of Criminal Procedure (1996), unless otherwise noted.

2.  Section 562.076 reads, in pertinent part:
    1.  A person who is in an intoxicated or drugged condition . . . is criminally responsible for conduct unless such condition is involuntarily produced and deprived him of the capacity to know or appreciate the nature, quality or wrongfulness of his conduct.

. . . .

3.  Evidence that a person was in a voluntarily intoxicated or drugged condition may be admissible when otherwise relevant on issues of conduct but in no event shall it be admissible for the purpose of negating a mental state which is an element of the offense.  In a trial by jury, the jury shall be so instructed when evidence that a person was in a voluntarily intoxicated or drugged condition has been received into evidence.

and Fourteenth Amendments to the United States Constitution, and Art. 1, §§ 10 and 18(a) of the Missouri Constitution.

Appellant acknowledges in this point that he is seeking a review for plain error. In his second point (claiming ineffective assistance of counsel), he concedes that the basis of his trial counsel's objection in the trial court did not include his present contention that MAI–CR3d 310.50 and § 562.076 violate his right to due process of law or to present a defense. Rule 28.03 provides that counsel must make specific objections to instructions considered erroneous before the jury retires, stating distinctly the matter objected to and the grounds of the objection. It also provides that the objections must be raised in the motion for new trial in accordance with Rule 29.11.

■ Assignments of error cannot be broadened or changed by raising them for the first time on appeal. *State v. Howard,* 896 S.W.2d 471, 493 (Mo.App.S.D.1995). *See also State v. Reichert,* 854 S.W.2d 584, 591 (Mo.App.S.D.1993) (holding that the point on appeal and the objection in the trial court must be the same in order for it to be preserved for appeal). In addition, "[t]o preserve a constitutional question for review, a matter must be raised at the first opportunity, the sections of the constitution alleged to have been violated must be specifically asserted, the matter must be preserved in the motion for new trial, and the questions must be adequately covered in the briefs." *State v. Pullen,* 843 S.W.2d 360, 364 (Mo. banc 1992). *See also State v. Brown,* 902 S.W.2d 278, 287–88 (Mo. banc 1995) (Missouri Supreme Court held that constitutional challenges to MAI–CR3d 310.50 had not been adequately preserved in the trial court).

■ Pursuant to Rule 30.20, however, an appellate court may review for plain error affecting substantial rights, although not raised or preserved, when it finds that manifest injustice or a miscarriage of justice has resulted. The assertion of plain error, how-ever, places a much greater burden on a defendant than when he claims prejudicial error. *State v. Mallory,* 851 S.W.2d 46, 48 (Mo.App.S.D.1993). Instructional error is seldom plain error. *Id.* A defendant must go beyond a demonstration of mere prejudice and establish such a misdirection of the jury as would cause manifest injustice or a miscarriage of justice. *Id.* The determination of whether plain error exists must be based on a consideration of the facts and circumstances of each case. *State v. Reichert,* 854 S.W.2d at 601. In accordance with the premise of Appellant's first point, we have made a review for plain error.

■ Appellant argues that Instruction No. 13 violates his right to due process because it creates a presumption that "an intoxicated person has the requisite mental state, thus relieving the state of its constitutional burden to prove all elements of the offense beyond a reasonable doubt." He acknowledges that the instruction was based on an approved MAI–CR3d instruction (310.50), and was given in accordance with the Notes on Use. He argues, however, that the current version of MAI–CR3d 310.50 is just as constitutionally flawed as its predecessor, which was found to violate due process rights in *State v. Erwin,* 848 S.W.2d 476, 484 (Mo. banc 1993).[3]

In *Erwin,* the court considered an instruction on intoxication which told the jury, "You are instructed that an intoxicated condition from alcohol will not relieve a person of responsibility for his conduct." *Id.* at 481. In holding that the instruction "implicitly relieve[d] the state of proving an element of an offense as established by the legislature," the court said:

MAI–CR3d 310.50 does not purport to be connected to any other instruction. It stands by itself as a comment on the evidence of intoxication. A jury is at least as likely to assume the instruction relieves the state of its burden of proving the de-

---

**3.** We note the existence of decisions indicating that the court of appeals lacks authority to declare that an instruction is erroneous if it complies with a pattern instruction approved by the Missouri Supreme Court. *See State v. Richard-son,* 910 S.W.2d 795, 798 (Mo.App.E.D.1995); *State v. Bell,* 906 S.W.2d 737, 739–40 (Mo.App. E.D.1995); *State v. Gunter,* 715 S.W.2d 576, 579 (Mo.App.S.D.1986).

fendant's mental state as a jury is to simply disregard the evidence of intoxication. *Id.* at 483.

After *Erwin,* MAI–CR3d 310.50 was revised by adding the first sentence of the current version of the approved instruction, to wit: "The state must prove every element of the crime beyond a reasonable doubt." Appellant argues, however, that this change did not remedy the constitutional deficiencies found in *Erwin.* The same argument was made and rejected in *State v. Bell,* 906 S.W.2d at 739–40. *See also State v. Richardson,* 910 S.W.2d at 798. In *Bell,* the court said the current version of MAI–CR3d 310.50 "explicitly directs the jury's attention to the state's burden to prove *every* element of the crime." 906 S.W.2d at 740. We agree.

This result is also consistent with a recent decision by the Supreme Court of the United States. *Montana v. Egelhoff,* —— U.S. ——, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996), involved a homicide conviction in which the court considered a Montana statute providing, in part, that voluntary intoxication "may not be taken into consideration in determining the existence of a mental state which is an element of [a criminal] offense." —— U.S. at ——, 116 S.Ct. at 2016. This language is substantially similar to that found in Missouri's § 562.076.3. As in the instant case, the jury in *Egelhoff* was instructed that it could not consider defendant's "intoxicated condition . . . in determining the existence of a mental state which is an element of the offense." *Id.* In affirming the conviction, the Supreme Court noted that the burden of proof on a requisite element of mental state was not shifted to the defendant under the Montana statute. —— U.S. at ——, 116 S.Ct. at 2022. In making that observation, it noted that the jury had also been instructed that "[t]he State of Montana has the burden of proving the guilt of the Defendant beyond a reasonable doubt." *Id.* The same was true in the instant case.

Accordingly, we find no plain error in connection with this portion of Appellant's first point.

■ Appellant also contends in his first point that the jury was prevented from con-

sidering his defense to these charges. He points out that he filed a notice of his intent to rely on the defense of mental disease or defect, and argues that although there was evidence of his inability to deliberate or act knowingly because of intoxication, Instruction No. 13 effectively prevented the jury from considering that evidence. In contending that his right to pursue that defense was infringed by Instruction No. 13, Appellant argues:

> Intoxication is *logically* relevant to a defendant's mental state. The Missouri legislature has determined that it is not *legally* relevant and cannot be considered by a jury. The Courts must therefore decide whether this statute and corresponding instruction violate the United States and Missouri Constitutions.

Appellant, therefore, appears to attack not only MAI–CR3d 310.50, but also § 562.076 in this portion of his first point.

■ For the reasons indicated earlier, Appellant's contention involving MAI–CR3d 310.50 was not preserved for appellate review and is reviewable only for plain error. With regard to his contention concerning § 562.076, we note that the court of appeals does not have jurisdiction over the constitutional validity of a state statute. Mo. Const. Art. 5, § 3. The mere assertion, however, that a statute is unconstitutional does not deprive the court of appeals of jurisdiction unless the constitutional issue is real and substantial, and not merely colorable. *State v. Roedel,* 884 S.W.2d 106, 108 (Mo.App.E.D. 1994).

*Montana v. Egelhoff,* referred to earlier in this opinion, convinces us that Appellant's attack on this statute is not real or substantial, and that Appellant's present contention concerning Instruction No. 13 does not require relief for plain error. In *Egelhoff,* the Montana Supreme Court's reversal of the conviction had been on the theory that his voluntary intoxication was relevant to the issue of whether he acted knowingly and purposely, and that he had a due process right to present, and have considered, all relevant evidence to rebut the state's evidence on all elements of the offense charged. —— U.S. at ——, 116 S.Ct. at 2016. The Supreme Court rejected that contention, however, saying that "[t]he accused does not

have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." —— U.S. at ——, 116 S.Ct. at 2017 (quoting *Taylor v. Illinois*, 484 U.S. 400, 408, 108 S.Ct. 646, 653, 98 L.Ed.2d 798 (1988)). It acknowledged that "the introduction of relevant evidence can be limited by the State for a 'valid' reason, as it has been by Montana." —— U.S. at ——, 116 S.Ct. at 2022. The court concluded that:

> The people of Montana have decided to resurrect the rule of an earlier era, disallowing consideration of voluntary intoxication when a defendant's state of mind is at issue. Nothing in the Due Process Clause prevents them from doing so....

—— U.S. at ——, 116 S.Ct. at 2024. Appellant's attack on MAI–CR3d 310.50 and § 562.076 are not well taken. Having concluded that no plain error has been demonstrated, point one is denied.

In his second point, Appellant contends that he was denied effective assistance of counsel because his trial counsel "failed to properly object or preserve for appellate review that Instruction Number 13 ... violated Appellant's rights to due process of law and to present a defense."

The record, however, does not reflect that Appellant sought relief pursuant to Rule 29.15. That rule provides the exclusive remedy for a claim of ineffective assistance of counsel upon conviction after trial. *State v. Wheat*, 775 S.W.2d 155, 157 (Mo. banc 1989), *cert. denied*, 493 U.S. 1030, 110 S.Ct. 744, 107 L.Ed.2d 762 (1990); *State v. Hill*, 865 S.W.2d 702, 705 (Mo.App.W.D.1993). The failure to seek relief pursuant to the provisions of Rule 29.15 constitutes a waiver of that right. Rule 29.15(b); *State v. Wheat*, 775 S.W.2d at 157. Claims cognizable under Rule 29.15 may not be considered when presented for the first time on appeal. *Id.* 157–58. Appellant's second point is denied.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.